IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 15-285 |
| NEIL GODFREY | : | |

**FORFEITURE MONEY JUDGMENT**

IT IS HEREBY ORDERED THAT:

1. As a result of the defendant's guilt as to Count One of the Information, the defendant is required and has agreed, pursuant to 18 U.S.C. § 981(a)(1)(C) made applicable by 28 U.S.C. § 2461, to forfeit his interest in any property, real or personal, which constitutes or is derived from proceeds traceable to a "specified unlawful activity," that is, wire fraud.

2. The Court has determined, based on the facts set forth at the change of plea hearing, which formed the factual basis for the plea, as well as those set forth in the Government's Change of Plea Memorandum, that the sum of **$100,000** in U.S. currency is subject to forfeiture as a result of the defendant's guilt as to the acts alleged in Count One of the Information. This sum is the amount of property constituting, or derived from, any property, real or personal, which constitutes or is derived from proceeds traceable to a "specified unlawful activity," that is, wire fraud.

3. A personal forfeiture money judgment in the amount of **$100,000** is hereby entered against the defendant in favor of the United States.

4. Any property recovered from the defendant and forfeited by the government shall reduce the defendant's outstanding liability on the personal forfeiture money judgment.

5. The defendant has provided a personal check to the U.S. Marshal's Service for $25,000 as a partial payment of this forfeiture money judgment. This personal check was provided to the U.S. Marshal's Service before the defendant's sentencing on July 6, 2017. If this check clears, it shall reduce the defendant's outstanding liability on the personal forfeiture money judgment to $75,000.

6. Consistent with his commitment at his sentencing on July 6, 2017, the defendant shall pay the remaining $75,000 to the U.S. Marshal's Service by certified check on or before August 15, 2017.

7. At the defendant's sentencing hearing on July 6, 2017, the defendant and his counsel waived any rights to object to this Order under the Supreme Court's recent decision in Honeycutt v. United States, No. 16-142 (June 5, 2017).

8. Upon the entry of this Order, the United States is authorized to conduct any discovery necessary to identify and locate property subject to forfeiture, in accordance with Federal Rule of Criminal Procedure 32.2(b)(3).

9. Because the government seeks only a money judgment and does not seek forfeiture of any specific asset at this time, advertisement of the judgment and third-party proceedings are not required. Fed. R. Crim. P. 32.2(c)(1) (no ancillary proceedings to address third-party claims required where forfeiture consists of money judgment).

10. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), this Forfeiture Money Judgment shall become final as to the defendant at the time of sentencing and shall be made part of the defendant's sentence and included in the judgment and commitment order.

11. The Court shall retain jurisdiction to enforce this Forfeiture Money Judgment, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

12. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Forfeiture Money Judgment to the Federal Bureau of Invesitgation, the United States Marshals Service, and counsel for the parties.

ORDERED this 10 day of July 2017.

_____
**HONORABLE EDUARDO C. ROBRENO**
**United States District Judge**